IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00835–PAB–KMT

DARIUS HILL,

    Plaintiff,

v.

UNNAMED ARAPAHOE COUNTY DETENTION OFFICERS, Individually and Severally,
ARAPAHOE COUNTY SHERIFF J. GRAYSON ROBINSON,
ARAPAHOE COUNTY CAPTAIN VINCE SAUTER, and
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE,

    Defendants.

**ORDER**

    This matter is before the court on "Defendants Robinson, Sauter and Arapahoe County's Motion to Compel Plaintiff's Responses to Written Interrogatories" (Doc. No. 24, filed January 6, 2012) and "Plaintiff's Response to Defendants Robinson, Sauter and Arapahoe County's Motion to Compel Responses to Written Interrogatories" (Doc. No. 26, filed January 30, 2012).

    Defendants seek an order, pursuant to Fed. R. Civ. P. 37, compelling the plaintiff to provide complete and non-evasive responses to Defendants' written interrogatories. Defendants state that Plaintiff has failed to provide responses to a set of interrogatories served on November 2, 2011. Plaintiffs responses to Defendants' discovery requests (consisting of the twenty interrogatories and eight requests for admissions) initially were due on or before December 5,

2011.  On December 2, 2011, Plaintiff requested that Defendants grant him a reasonable extension to December 12, 2011, to submit his responses.  Plaintiff filed an unopposed motion for the extension, and this court granted the motion on December 5, 2011.  Despite the extension to December 12, 2011, Plaintiff failed to provide responses to Defendants' interrogatories.

In his response, Plaintiff admits that his discovery responses were delayed due to "logistical problems of being housed in a prison, including getting an available notary public for his signature." (Resp., ¶ 1.)  Plaintiff states he submitted an initial, hand-written and unsigned, set of responses on January 17, 2012, and that a "complete set of responses has now been prepared . . . rendering unnecessary any need to compel the production of the responses." (*Id.*, ¶ 2.)

Fed. R. Civ. P. 33(b) requires that a party upon whom interrogatories are served shall serve its answers and objections within 30 days after the service of the interrogatories.  In this case, Plaintiff did not provide any responses to Defendants' interrogatories and did not assert any objections to Defendants' interrogatories within the 30 days permitted by the federal rules; no motion for a further extension of time within which to respond to those requests was filed; and no explanation or attempt to articulate good cause for the delay has been offered by the plaintiff.  Moreover, Plaintiff failed to respond to Defendants' discovery requests even after Defendants' good faith efforts to obtain responses without seeking a court order.  As such, this court will grant Defendants' Motion to Compel.

> Fed. R. Civ. P. 37(a)(5) provides that if a motion to compel is granted, the court shall:
>
> after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Having given Plaintiff an opportunity to respond to the Motion to Compel, and finding and no substantial justification for Plaintiff's failure to respond, *see* Fed. R. Civ. P. 37(a)(5), Defendants are awarded costs and attorney fees, against Plaintiff and his counsel, incurred in pursing the Motion to Compel.

As such, it is

**ORDERED** that "Defendants Robinson, Sauter and Arapahoe County's Motion to Compel Plaintiff's Responses to Written Interrogatories" (Doc. No. 24) is **GRANTED**. Plaintiff shall provide full, complete, and signed responses to Defendants' First Set of Interrogatories on or before February 8, 2012. If Plaintiff fails to provide his discovery responses on or before February 8, 2012, this court will issue an order to show cause why the claims against these defendants should not be dismissed for Plaintiff's failure to prosecute and failure to comply with Court orders. It is further

**ORDERED** that Defendants shall, on or before February 13, 2012, file a status report advising whether they have received complete discovery responses from Plaintiff and an affidavit providing an accounting of their attorney's fees and expenses related to filing of the Motion to Compel. Plaintiff may file a response to Defendants' accounting no later than February 23, 2012.

Dated this 1st day of February, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge