IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00835-PAB-KMT

DARIUS HILL,

    Plaintiff,

v.

UNNAMED ARAPAHOE COUNTY DETENTION OFFICERS, Individually and Severally,
ARAPAHOE COUNTY SHERIFF J. GRAYSON ROBINSON,
ARAPAHOE COUNTY CAPTAIN VINCE SAUTER, and
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE,

    Defendants.

**ORDER**

This matter is before the Court on the Motion to Dismiss [Docket No. 6] filed by defendants the Board of County Commissioners for Arapahoe County ("Arapahoe County"), Arapahoe County Sheriff J. Grayson Robinson, and Arapahoe County Sheriff's Office Captain Vince Sauter. Defendants seek to dismiss plaintiff's Complaint [Docket No. 1] pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Docket No. 6 at 1.

**I. BACKGROUND**

Plaintiff Darius Hill is a state prisoner currently incarcerated at the Buena Vista Correctional Complex. Docket No. 1 at 2. This case arises out of Mr. Hill's pretrial detainment at the Patrick J. Sullivan Detention Center in Centennial, Colorado. *Id*. at 3, ¶ 9. Mr. Hill alleges that on April 23, 2010, his jail cell flooded as rainfall seeped through the cell walls. *Id*. Mr. Hill claims that, despite lodging numerous complaints with jail officials, his cell remained flooded for a period of three days. *Id*. at ¶ 10. Mr.

Hill states that, because of water accumulation in his cell, he slipped, fell, and sustained injuries to his back, neck, and head. *Id*. at ¶ 11. Mr. Hill filed the current action as a result of this incident.

In his complaint, Mr. Hill brings three claims against defendants pursuant to 42 U.S.C. § 1983 and one pursuant to 42 U.S.C. § 1986. Mr. Hill's first claim alleges that Arapahoe County violated his Fifth and Fourteenth Amendment rights by implementing policies and customs which created unreasonable risks to the health and safety of pretrial detainees. Docket No. 1 at 4, ¶¶ 15-17. Mr. Hill's second claim asserts that all defendants violated his Fifth and Fourteenth Amendment rights because they were deliberately indifferent to serious risks to his health and safety arising out of the conditions of his confinement. *Id*. at 5-6, ¶¶ 21-22.

Mr. Hill's third claim asserts that Sheriff Robinson, Captain Sauter, and Arapahoe County failed to adequately train and supervise jail officials. *Id*. at 6-7, ¶¶ 27-29. He alleges that Arapahoe County as the primary "policy maker" implemented customs, practices, and policies which led to the violation of Mr. Hill's constitutional rights. *Id*. at 8-9, ¶ 34. Finally, Mr. Hill brings a claim against all defendants for a failure to prevent a conspiracy to violate his civil rights pursuant to 42 U.S.C. § 1986. *Id*. at 10, ¶¶ 39-40. Mr. Hill asserts that all defendants had knowledge of the unlawful and malicious treatment received by pretrial detainees but failed to instruct, supervise, control, and discipline their subordinates. *Id*. at 10, ¶ 41. Mr. Hill contends that Sheriff Robinson and Captain Sauter had the power to prevent or aid in preventing the commission of said wrongs, but their failure to remedy the situation was tacit approval or ratification of

the jail officials' conduct. *Id*. at ¶ 42. In relief, Mr. Hill seeks an award of compensatory and punitive damages in the amount of no less than $500,000 and an award for attorney's fees and costs pursuant to 18 U.S.C. § 1988. *Id*. at 11.

On May 13, 2011, defendants filed a motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure [Docket No. 6]. Defendants argue that: (1) Mr. Hill fails to state a cognizable claim against Arapahoe County because all of the alleged facts rely on a theory of respondeat superior, which cannot sustain liability against government entities, Docket No. 6 at 7; (2) Mr. Hill fails to identify a specific policy or custom implemented by Arapahoe County and followed by jail officials which led to plaintiff's injuries, *id*.; (3) Mr. Hill fails to state a claim against Sheriff Robinson and Captain Sauter in their individual or official capacities because plaintiff does not allege that defendants had personal knowledge of the flooded jail cell, *id*. at 10; and (4) Mr. Hill cannot establish that Sheriff Robinson and Captain Sauter had the requisite state of mind to violate Mr. Hill's constitutional rights. *Id*. at 8. Accordingly, defendants contend that Sheriff Robinson and Captain Sauter are entitled to qualified immunity on all of plaintiff's claims. *Id*. at 12.

## II. STANDARD OF REVIEW

Defendants seek to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) for a lack of subject matter jurisdiction or pursuant to Fed. R. Civ. P. 12(b)(6) for failure state a claim upon which relief can be granted. Where a party moves to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the attack can be either a factual attack or a facial attack on the allegations of the complaint. *Paper,*

*Allied-Indus., Chemical & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). Where there is a facial attack on the sufficiency of the complaint, the Court must look to its factual allegations and accept them as true. *See id.; Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. Nor does the complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. Furthermore, conclusory allegations are "not entitled the assumption of truth." *Id*. at 1950.

The Tenth Circuit has interpreted "plausibility" to refer to the scope of the allegations in the complaint rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id*. Additionally, "the degree of specificity necessary to

establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Id*. at 1248.

Complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants. *Id*. at 1248-49. In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore, it is important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice of the basis of the claims against him or her, as distinguished from collective allegations against the state. *Id*.

## III. ANALYSIS

### A. Qualified Immunity

Sheriff Robinson and Captain Sauter assert that they are entitled to qualified immunity against plaintiff's claims. Docket No. 6 at 12. Defendants assert that Mr. Hill fails to allege sufficient facts to show that defendants either personally violated his constitutional rights or were deliberately indifferent to a serious risk to Mr. Hill's health or safety. *Id*.

Generally, government officials sued under § 1983 in their individual capacities have qualified immunity when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts as alleged make

out a violation of a constitutional right and whether the right at issue was clearly established at the time of defendant's misconduct. *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011). In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that "judges of the district courts and the courts of appeals are in the best position to determine the order of decisionmaking that will best facilitate the fair and efficient disposition of each case." *Id*. at 242. Therefore, courts have discretion to "decid[e] which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. at 236. Accordingly, the Court will first determine whether Mr. Hill alleges sufficient facts to show that Sheriff Robinson and Captain Sauter violated his constitutional rights.

Mr. Hill brings claims against Sheriff Robinson and Captain Sauter in their individual capacities for: (1) failure to maintain humane jail cell conditions; and (2) conspiracy to engage in unconstitutional conduct in violation of 42 U.S.C. § 1986.

### 1. Cell Conditions

As a pretrial detainee, Mr. Hill was protected by the Due Process Clause of the Fourteenth Amendment; however, in determining whether his rights to be free from cruel and unusual punishment were violated, the Court applies the same analysis applied to § 1983 claims alleging Eighth Amendment violations. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003). Thus, to assert a cognizable claim under the Eighth Amendment, Mr. Hill must allege that Sheriff Robinson and Captain Sauter were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The test for a "deliberate indifference" claim under

the Eighth Amendment has both "an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component of the test is met if the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause. *Farmer*, 511 U.S. at 834. The subjective component is met if a prison official knows of and disregards excessive risks to an inmate's health and safety. *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Accordingly, Mr. Hill must demonstrate both that the injury he suffered was sufficiently serious and that Sheriff Robinson and Captain Sauter acted with deliberate indifference. *See id.*

Mr. Hill's allegations fail to meet the objective component of this inquiry. Mr. Hill's asserted injury is not sufficiently serious given that only "extreme deprivations are [sufficient to assert] a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). For an alleged injury to be sufficiently serious a "prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. The purpose of the sufficiently serious requirement is "to limit claims to significant, as opposed to trivial, suffering." *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006), *overruled on other grounds by Robbins*, 519 F.3d at 1246-47. The fact that Mr. Hill slipped, fell, and suffered injuries is not an extreme deprivation and did not deprive Mr. Hill of the minimal measures of life's necessities. *See Cook v. Corrs. Corp. of Am.*, No. 09-cv-02967-PAB-BNB, 2010 WL 1027407, at *2 (D. Colo. Mar. 18, 2010) (dismissing conditions of confinement claim based on slip-and-fall injury).

Moreover, Mr. Hill fails to allege facts that indicate Sheriff Robinson and Captain Sauter acted with deliberate indifference. To meet the subjective element of this inquiry, Mr. Hill must allege that Sheriff Robinson and Captain Sauter knew that Mr. Hill faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate the harm. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). That is, "the official[s] must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).

Mr. Hill does not allege that Sheriff Robinson or Captain Sauter knew that his cell was flooded at any time during the three days alleged in the complaint or that Sheriff Robinson and Captain Sauter had any knowledge of their subordinates' denial of his request to change cells. On the contrary, all of Mr. Hill's claims against Sheriff Robinson and Captain Sauter are based, not on direct actions, but on their failure to supervise or train jail officials, Docket No. 1 at 6-7, ¶¶ 27-32, or on their negligent oversight. *Id*. at ¶ 23 (defendants failed to provide "the applicable standard of care to the Plaintiff"). The facts, as averred, do not allege that Sheriff Robinson or Captain Sauter knew of Mr. Hill's jail cell condition or that they ordered jail officials to keep Mr. Hill in a flooded jail cell. As such, Mr. Hill fails to establish the subjective element of a deliberate indifference claim. *See Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (deliberate indifference is a higher degree of fault than even gross negligence, let alone ordinary negligence). Accordingly, Sheriff Robinson and Captain Sauter are entitled to qualified immunity on this claim, and Mr. Hill's Fourteenth Amendment Due Process claim based on pretrial detention conditions will be dismissed.

### *2. 42 U.S.C. § 1986*

For a plaintiff to assert a claim under 42 U.S.C. § 1986, he must first assert a valid 42 U.S.C. § 1985(3) claim.  *See King v. Dingle*, 702 F. Supp. 2d 1049, 1078 (D. Minn. 2010).  Section 1986 allows an action against a party who: (1) knows that a 42 U.S.C. § 1985(3) violation will occur; (2) has the power to prevent the violation; and (3) fails to do so.  *See* 42 U.S.C. § 1986.  In order to establish a § 1985(3) claim, a plaintiff must allege: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom.  *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  A valid § 1985(3) claim must also allege a conspiracy that is motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  *Id*.

In this case, Mr. Hill does not allege a conspiracy based on racial animus.[1] Instead, Mr. Hill asserts that defendants failed to adequately train jail officials to refrain from "conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution."  Docket No. 1 at 10, ¶ 40.  As such, Mr. Hill fails to assert a claim under § 1985(3) and therefore cannot establish a claim under 42 U.S.C. § 1986.  Accordingly, Sheriff Robinson and Captain Sauter are entitled to qualified immunity on this claim and the Court will dismiss Mr. Hill's 42 U.S.C. § 1986 claim.

---

[1]The Court notes that, nowhere in the complaint, has Mr. Hill represented that he belongs to any minority group or that his treatment was based on his or another detainee's minority status.

### B. Monell Claim

Under § 1983, a municipality may be held liable for adopting an official policy or custom causing a violation of constitutional rights, but local governments cannot be sued under a respondeat superior theory of liability. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978); *Cannon v. City and Cnty. of Denver*, 998 F.2d 867, 877 (10th Cir. 1993) ("The touchstone of a § 1983 action against a governmental body is an allegation that official policy is responsible for deprivation of rights protected by the Constitution.").

Defendants argue that the Court should dismiss Mr. Hill's *Monell* claim against Arapahoe County because his allegations are based on the theory of respondeat superior. Docket No. 6 at 7. Defendants state that plaintiff may only assert claims against Arapahoe County if such claims are based on acts or orders officially sanctioned by the County. *Id*. at 9. Defendants claim that Mr. Hill fails to allege a specific custom, policy, or practice implemented by Arapahoe County that led to the alleged violation of his constitutional rights. *Id*. at 12. Defendants contend that, because all of plaintiff's claims are based on conclusory allegations related to a single incident, they fail to state a claim against Arapahoe County. *Id*. at 10. The Court agrees.

To establish municipal liability under § 1983, a plaintiff must show: (1) the existence of a municipal policy or custom; and (2) a direct causal link between the policy or custom and the injury alleged. *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006); *accord Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1318

(10th Cir. 1998) (a plaintiff must show "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation."). The official policy requirement permits courts to "distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original).

Mr. Hill can establish a municipal custom or policy through the following means: (1) an officially promulgated policy; (2) a custom or persistent practice; (3) deliberately indifferent training that results in the violation of a plaintiff's federal protected rights; (4) a single decision by an official with final decision-making authority; or (5) ratification by an official with final decision-making authority of subordinates' decisions. *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010).

In his complaint, Mr. Hill does not identify a specific policy promulgated, implemented, or ordered by Arapahoe County. *See generally* Docket No. 1. Accordingly, Mr. Hill's *Monell* claim centers almost entirely on what he alleges are Arapahoe County's customs, usages, or persistent practices governing the conduct of its jail officers.[2] *See* Docket No. 1 at 4, ¶17 ("The policies, customs and usages of [Arapahoe County] constituted deliberate indifference"). Despite Mr. Hill's recitation of multiple alleged customs, it is clear from the complaint that Mr. Hill seeks to impose

---

[2]To the extent Mr. Hill brings a claim against Sheriff Robinson and Captain Sauter in their official capacities, it is the same as bringing a suit against the county. *See Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009).

municipal liability under § 1983 on the basis of a single incident – his slip and fall accident caused by an allegedly wet cell floor.  However, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability" because a single event cannot establish a custom or a persistent practice.  *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  If Mr. Hill seeks to impose municipal liability on the basis of this single incident, he must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of Arapahoe County.  *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009).  Mr. Hill fails to assert such an allegation in his complaint.

Because Mr. Hill has failed to show that any action taken by Sheriff Robinson or Captain Sauter violated his constitutional rights, he cannot establish that these alleged policies or practices were promulgated by a municipal policy maker.  *See Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) ("A county or sheriff in his official capacity cannot be held 'liable for constitutional violations when there was no underlying constitutional violation by any of its officers.'") (citation omitted); *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) (municipality may not be held liable where there was no underlying constitutional violation by any of its officers).  Even if Mr. Hill was able to establish that a policy maker promoted these policies, his allegations would still be insufficient to impose liability against Arapahoe County because Mr. Hill's asserted policies are conclusory in nature and do not meet the Tenth Circuit's plausibility standard.  *See, e.g.,* Docket No. 1 at 8, ¶ 34 ("A policy of providing inadequate training . . . [a] policy of non-prosecution and a tacit authorization of failure

to adequately supervise . . . [a] a policy, custom or usage of failure to discipline"). These allegations encompass a wide swath of conduct and fail to provide Arapahoe County with any specific notice as to how each policy relates to the conduct of the unnamed jail officials in this case. *See Robbins*, 519 F.3d at 1247 ("Thus, 'plausible' cannot mean 'likely to be true' . . . [r]ather, 'plausibility' in this context must refer to the scope of the allegations in a complaint"). As such, they are not entitled to the assumption of truth. *See Iqbal*, 129 S.Ct. at 1950 (conclusory allegations are "not entitled to the assumption of truth").

Consequently, Mr. Hill's *Monell* claims rest on his assertion that Arapahoe County failed to supervise or train jail officials. Mr. Hill claims that "Defendants were aware of the lack of training given to officers in the [Sheriff's Department]" and that Arapahoe County knew that any training "given to police officers and sheriff deputies and jail guards regarding civil rights of pretrial detainees . . . was reckless or grossly negligent." Docket No. 1 at 7-8, ¶¶ 31-33. Again, it appears that Mr. Hill's failure to train claim is based wholly on his slip-and-fall accident. However, the Supreme Court in *City of Canton v. Harris*, 489 U.S. 378 (1989), precluded a meager quantum of proof from establishing that a municipality's inadequate training constitutes deliberate indifference to the constitutional rights of its inhabitants. *Id*. at 390-91. There, the Court made clear that a particular employee's training has little bearing on a municipality's entire training program and, thus, required that a plaintiff produce evidence of a specific deficiency in a municipality's "training program" and demonstrate

how that deficiency actually caused the injury at issue. *City of Canton*, 489 U.S. at 391. Mr. Hill fails to allege these specific facts.

First, Mr. Hill fails to provide any specific allegations about a deficiency in Arapahoe County's training procedures and fails to show how that deficiency led to the alleged constitutional violation. Mr. Hill has presented no facts to support a claim that jail officials working at the Patrick J. Sullivan Detention Center were not adequately trained, or that Sheriff Robinson and Captain Sauter were deliberately indifferent to the need for more or different training. *Randall v. Board of Cnty. Comm'rs*, 184 F. App'x 723, 727 (10th Cir. 2006).

Second, Mr. Hill did not name or identify specific jail officials who committed these alleged acts; that omission seriously undermines his attempt to hold Arapahoe County liable for actions deliberately taken by them. *See Lopez v. LeMaster*, 172 F.3d 756, 760-61 (10th Cir. 1999). Additionally, Mr. Hill has alleged no evidence concerning deficiencies in training of the particular jail officials in this case, nor has he shown that the county had a uniform policy of providing its jail officials with insufficient training in areas closely related to keeping detainees in unsafe cells. *Id*. There are no allegations that his particular jailers had not received training or that their failure to receive training was the cause of his injuries. *City of Canton*, 489 U.S. at 391 ("adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable."). Consequently, Mr. Hill not only fails to establish the existence of a municipal policy or custom, but he fails to show a direct causal link between the policy or custom and his alleged injury. *Graves*, 450 F.3d

at 1218.  Accordingly, Mr. Hill's municipality liability claim against Arapahoe County is dismissed for failure to state a claim upon which relief may be granted.

### C.  Unnamed Defendants

In light of the foregoing, the only claims left in this action are brought against "Unnamed Arapahoe County Detention Officers."  Docket No. 1 at 1.  There is no indication in the docket that plaintiff has served these individuals with any of the pleadings.  "If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on it own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Given that Mr. Hill has been granted two extensions to serve the unnamed defendants, Docket No 17; Docket No. 20, the Court will dismiss his claims against the unnamed Arapahoe County Detention Officers without prejudice pursuant to Rule 4(m).

### IV.  CONCLUSION

Accordingly, it is

**ORDERED** that Defendants Robinson, Sauter and Arapahoe Countys' [sic] Motion to Dismiss [Docket No. 6] is **GRANTED**. It is further

**ORDERED** that all of plaintiff's claims against the Unnamed Arapahoe County Detention Officers, Arapahoe County Sheriff J. Grayson Robinson, Arapahoe County Captain Vince Sauter, and the Board of County Commissioners for Arapahoe County are **DISMISSED**.  It is further

**ORDERED** that Defendants Robinson, Sauter, and Arapahoe County's Motion for Summary Judgment [Docket No. 32] is **DENIED** as moot.

DATED March 15, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge