IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00835–PAB–KMT

DARIUS HILL,

    Plaintiff,

v.

UNNAMED ARAPAHOE COUNTY DETENTION OFFICERS, Individually and Severally,
ARAPAHOE COUNTY SHERIFF J. GRAYSON ROBINSON,
ARAPAHOE COUNTY CAPTAIN VINCE SAUTER, and
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE,

    Defendants.

---

## ORDER

---

This matter is before the court on the Affidavit in Support of Attorney Fees and Costs (Doc. No. 29 [Caswall Affidavit]) detailing the costs and attorney's fees claimed as a result of the Court's Order on February 1, 2012. (*See* Doc. No. 27.)

Background

On January 6, 2012, the defendants filed a motion to compel Plaintiff's responses to written interrogatories. (Doc. Nos. 24.) This court granted the motion to compel and, pursuant to Fed. R. Civ. P. 37(a)(5), awarded Defendants costs and attorney fees incurred in pursuing the motion to compel. The court also ordered the defendants to file an affidavit providing an accounting of their attorney's fees and expenses related to filing of the motion to compel.

Though the court gave Plaintiff a deadline to file a response to the defendants' accounting, Plaintiff did not file a response or other objection.

Analysis

Defendants request attorney fees in the amount of $480.00 for the time expended in preparing the motion to compel. In *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir. 1998), the Tenth Circuit reviewed the approach to be used in calculating an award of attorney's fees, stating

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of a number of attorney hours "reasonably expended" and a "reasonable hourly rate."

*Id*. at 1281. The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances," *id.*; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc*., 295 F.3d 1065, 1078 (10th Cir. 2002).

Defendants' attorney, Edward M. Caswall, spent 1.6 hours in preparing the motion to compel. (Caswall Aff., ¶ 3.) This court finds that the total number of hours claimed in connection with the motion to compel are reasonable and were necessary under the circumstances. Similarly, this court concludes that the hourly rate, $300.00 per hour, charged by Mr. Caswall is reasonable and comes within the prevailing rate in the Denver, Colorado, area for attorneys of similar experience. Therefore, it is

**ORDERED** that the amount of $480.00 is hereby awarded to Defendants and against Plaintiff and his counsel. The total amount of the sanction shall be remitted by certified funds payable in full to the Arapahoe County Attorney's Office on or before April 16, 2012.

Dated this 16th day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge